IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KRAIG PAYNE, #Y40610, <br><br>   Plaintiff, <br><br> v. <br><br> COUNSELOR TATE, <br><br>   Defendant. | Case No. 25-cv-00509-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Kraig Payne, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### DISCUSSION

In the Complaint,[1] Plaintiff alleges that on February 8, 2025, he placed an envelope containing a document meant to be sent to the law library for e-filing in one of his federal civil cases in the counselors' mailbox by mistake. (Doc. 1, p. 6; Doc. 9, p. 2). He never received any

---

[1] Plaintiff has filed a motion to amend the complaint in order to include the time, date, place, and location of the alleged incident of mail mishandling. (Doc. 9). Generally, the Court does not allow piecemeal amendments or supplements to a complaint. An amended complaint supersedes and replaces the original complaint and renders the original void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). However, as a one-time courtesy, the Court will allow the supplement at Doc. 9, and the motion is **GRANTED.**

confirmation that the document was ever filed. Plaintiff states that nothing is being done to resolve this issue, and he believes the offense of mail mishandling has been committed.

Plaintiff's Complaint fails to survive preliminary review for the following reasons. First, Plaintiff does not assert any allegations against the named defendant, Counselor Tate, in the body of the Complaint. He simply writes that Tate is the "name of counselor," at the bottom of the page. (Doc. 9, p. 2). Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him or her. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. See *Collins v. Kibort,* 143 F.3d 331, 334 (7th Cir. 1998). Furthermore, because Plaintiff brings his claims under Section 1983, he must allege that each named defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F. 3d 517, 528 (7th Cir. 2014). Because Plaintiff has failed to describe any conduct or omission on the part of Defendant Tate, the only defendant, any claims are dismissed.

Second, the events as pled do not violate any constitutional rights. To plead a denial of access to courts claim under the First and Fourteenth Amendments, a plaintiff must establish that the defendant's conduct impeded his ability to pursue legal claims and that he suffered "actual injury as a result." See *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009); *Snyder v. Nolen,* 380 F. 3d 279, 291 (2004). Here, Plaintiff has failed to identify any legal claim that has been prejudiced by the alleged mishandling of his mail submit on February 8, 2025. He cites to two cases in connection with his allegations that he is currently litigating in the Central District of Illinois with United States District Judge Jonathan Hawley: Case No. 24-cv-01350-JEH (C.D. Ill. *filed*

September 26, 2024) and Case No. 24-cv-03215-JEH (C.D. Ill. *filed* Aug. 13, 2024).[2] Neither case has been dismissed, and Plaintiff has filed documents in each case as recently as August 2025.[3] Because he has not identified an underlying non frivolous claim that Counselor Tate's actions impeded, Plaintiff has failed to state a claim under the First and Fourteenth Amendments for denial of access to the courts.

Furthermore, although Plaintiff's right to send and receive mail is protected by the First Amendment, his allegation that he mistakenly placed the envelope in the wrong mailbox and then the envelope was mishandled or lost by Tate or someone else does not rise to the level of a First Amendment violation. *See Zimmerman v. Tribble,* 226 F. 3d 568, 573 (7th Cir. 2000) ("[a]llegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment"); *Schroeder v. Drankiewicz,* 519 F. App'x 947, 950 (7th Cir. 2013) (finding that the delay in sending a letter containing birthday cards caused by the prison on a single occasion did not violate the First Amendment).

Because Plaintiff has failed to state a constitutional claim against Defendant Tate, the Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. Generally, the Court freely grants leave to amend for pro se litigants. It is convinced, however, after reviewing the Complaint that Plaintiff will not be able to present a valid Section 1983 claim premised on the events that transpired and the facts he has presented to the Court regarding the mishandling of his mail on February 8, 2025, after he placed the envelope in the wrong mailbox. *See e.g., Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021) (courts may deny

---

[2] Plaintiff cites to this case as Case No. 34-cv-315, which the Court presumes is a typographical error, as there is no such case being litigated by Plaintiff before Judge Hawley.
[3] Since the alleged mail mishandling on February 8, 2025, six of Plaintiff's civil cases in federal court have been dismissed. All of the cases were filed in the Southern District of Illinois, and all were dismissed for failure to state a claim before defendants were even served. *See* Case No. 25-cv-00926-NJR; Case No. 25-cv-00881-DWD; Case No. 25-cv-00866-SMY; Case No. 25-cv-00848-NJR; Case No. 25-cv-00732-NRJ; and Case No. 25-cv-00731-SMY.

leave to amend if an amendment would be futile); *Owens v. Hinsley,* 635 F.3d 950, 956 (7th Cir. 2011). Accordingly, the Complaint will be dismissed with prejudice, and this case closed.

## DISPOSITION

For the reasons stated above, the Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the case was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: October 23, 2025

                                              *s/Stephen P. McGlynn*
                                              **STEPHEN P. MCGLYNN**
                                              **United States District Judge**